Jury found for the plaintiff.

RUBBERCOATED HARNESS TRIMMING CO. (WELLING v.). See Cases Nos. 17,-382 and 17,383.

RUBBER STEP MANUF'G CO. (BROWN v.). See Case No. 2,028.

## Case No. 12,101.

RUBBER STEP MANUF'G CO. v. METROPOLITAN R. CO. et al.

[3 Ban. & A. 252; 13 O. G. 549; Merw. Pat. Inv. 356.][1]

Circuit Court, D. Massachusetts. March 11, 1878.

PATENTS—RUBBER CARRIAGE STEP—ANTICIPATION—BAR—REJECTED APPLICATION.

1. An invention for covering the tread of a carriage-step with a vulcanized rubber clothing

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission. Merw. Pat. Inv. 356, contains only a partial report.]

having an undulating surface was not anticipated by the use of rubber as a soling to stirrups, or as shoe-soles; neither was it anticipated by the use of iron treads, with channels running to the margin, for door-steps and stairs, or for carriage-steps.

2. A rejected application for a patent to one person is not of itself a bar to a patent to another.

[This was a bill in equity by the Rubber Step Manufacturing Company against the Metropolitan Railroad Company for the infringement of letters patent No. 135,815, granted to G. A. Keene, February 11, 1873. The bill prays for an injunction and account.]

Thomas William Clarke, for complainants.

Benjamin Dean and Thomas Dean, for defendants.

SHEPLEY, Circuit Judge. To avoid the Keene patents for improvements in carriage-steps, defendants rely upon the Chaffee patent for door-mats. This has already been decided in this court, in the case of Brown v. Rubber Step Manuf'g Co. [Case No. 2,028], not to anticipate the Keene invention, for the reasons fully stated in that case.

The Keene invention consists in covering the tread of a carriage-step with a vulcanized rubber clothing, having an undulating surface, whereby projections of rubber are presented upward to receive the pressure of the foot, and also in providing a permanent surface to the step resilient under the foot, the coating of rubber being somewhat adhesive to the foot, thereby having a tendency to prevent slipping in either dry or wet weather; and in snowy or sleety weather, when trodden upon, adhering ice or snow is broken by the yielding of the rubber projections under pressure, and loosened upon the removal of the pressure of the foot by reason of the resiliency of the rubber, so as to be readily brushed off.

The fact that rubber had been used as a soling to stirrups and applied to shoe-soles, does not establish any anticipation of this invention. The use of iron treads, with channels running to the margin, for door-steps and stairs, or for carriage-steps, did not anticipate this invention. The metal projections became slippery, instead of adhesive to the foot, by wear, and there was no resiliency under the pressure of the foot, to effect the removal of the snow and ice.

The rejected application for a patent of Charles Ray is not of itself a bar to the patent of Keene, there being no evidence in the case that the alleged prior invention of Ray was ever perfected or brought to actual use, and not abandoned and never revived by the original inventor. The Corn Planter Patent, 23 Wall. [90 U. S.] 181, 210.

Decree for injunction and account, as prayed for in the bill.